**Supreme Court**

No. 2013-354-M.P.

In re Application of Carlton Vose.                   :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

In re Application of Carlton Vose.          :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**PER CURIAM.**     The applicant, Carlton Vose, filed a petition with this Court in opposition to the recommendation of the Supreme Court's Committee on Character and Fitness (the committee) that he be denied admission to the Rhode Island bar.  Specifically, the applicant asserts that: (1) the committee violated his due process rights by failing to provide him with adequate notice of the reasons for the recommendation of denial and failing to provide him with an adequate opportunity to respond to the charges against him; and (2) the committee failed to support its conclusions with sufficient and proper evidence.  This matter came before the Supreme Court on May 28, 2014 pursuant to an order directing the applicant to show cause why the recommendation of the committee should not be adopted.  After considering the applicant's written and oral submissions, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth in this opinion, we adopt the recommendation of the committee.

**I**

**Facts and Procedural History**

Carlton Vose attended law school in the State of Florida after working as an officer of the Jacksonville County Sheriff's Office.  Mr. Vose filed a Petition/Questionnaire for Admission to

the Rhode Island Bar (the application) on May 14, 2010. Consistent with the practice for all applicants to the Rhode Island bar, Mr. Vose had an individual meeting with a member of the committee prior to taking the July 2010 bar examination. At this meeting, Mr. Vose was advised that, in the event that he passed the bar examination, he would have to go before the full committee to address two issues: (1) the recommendation of denial of his previous application to the Florida bar; and (2) his insufficient answer to a question on the Rhode Island application regarding the Florida proceedings. Mr. Vose passed the July 2010 bar examination and met with the full committee on April 7, 2011, December 9, 2011, December 16, 2011, December 21, 2011, and November 16, 2012.

Mr. Vose spent much of the April 7 and December 9 meetings exhaustively criticizing the findings of the Florida Board of Bar Examiners (the Florida board) and its recommendation that he be denied admission to the Florida bar. For example, Mr. Vose testified that his Florida application was denied because he "went to war" with the legal counsel to the Florida board. Mr. Vose also accused the legal counsel to the Florida board of giving false testimony, changing Mr. Vose's testimony, and violating his due process rights. Mr. Vose expressed concerns about the sharing of information between the committee and the Florida board, at one point accusing the committee of violating its own rules with regard to the release of information and stating that he had "two Bar Associations working with each other against [him]."

At the end of the meeting on December 9, 2011, Mr. Vose told the committee that he wished to discuss something off the record. The committee then went off the record, and Mr. Vose told the committee that an unnamed lawyer had acted inappropriately toward a woman whom Mr. Vose had been dating, and that Mr. Vose had confronted the lawyer regarding this alleged conduct. At the end of these comments, Mr. Vose revealed that this unnamed lawyer

was also a member of the committee.[1]  The committee excused Mr. Vose from the meeting and placed a summary of his off-the-record comments on the record.  Mr. Vose had not previously raised this issue, and at no point during the proceedings did he move to recuse any committee member.  In light of the seriousness of Mr. Vose's off-the-record allegations, the committee decided to schedule another meeting for December 16, 2011 to further address the issue.

Between December 12 and December 14, the Clerk of the Court attempted to give Mr. Vose notice of the upcoming December 16 meeting by emailing him at the email address listed on his application, emailing him at his work email address, leaving him a voicemail, mailing a letter to his home address, and delivering a sealed letter by courier to his place of work.  Mr. Vose resisted these notices by first failing to provide requested acknowledgment of receipt, and then by engaging in hostile email communications with the Clerk.  Mr. Vose characterized the sealed letter that was delivered by courier to his place of work as a "note[] given to my co-workers," told the Clerk that he would be deactivating his email address, and directed her to not contact him in any manner except by written communications sent to his home address.

At the December 16 meeting, the committee asked Mr. Vose to place on the record the comments he had made off the record on December 9.  Mr. Vose told the committee that the lawyer with whom he had had the conflict was not a member of the committee, and he proceeded to restate his allegations that this person had acted inappropriately toward his ex-girlfriend.  Mr. Vose expressed the belief that this lawyer was "putting up unusual resistance" to his application and characterized his disclosure as "making [the committee] aware of a conflict of interest."  Mr. Vose also addressed the Clerk's attempts to give him notice of the December 16 meeting; his remarks were rude and unprofessional, included false accusations about the Clerk's conduct, and,

---

[1] The male members of the committee vociferously denied the accusations.

according to the committee, were expressed "using a tone of anger." Regarding the alleged conduct of the courier, Mr. Vose stated: "the process server after he can't find me * * * alerts people on every floor that the Rhode Island Supreme Court is looking for me, tells the final recipient that he has to open [the letter] and acknowledge acceptance of what's inside, so one of my co-workers opens the letter and reads it."[2]

Mr. Vose requested a postponement of the proceedings until he could obtain legal counsel; the committee obliged his request and advised Mr. Vose that the next meeting would be scheduled for December 21, 2011. Mr. Vose appeared on December 21 without counsel and provided vague and defensive answers to the committee's inquiries regarding his attempts to obtain legal representation.

On November 16, 2012, Mr. Vose, represented by counsel, had his final meeting with the committee, during which he again criticized the findings of the Florida board and presented reasons why, in his opinion, the Florida board's recommendation was invalid. Among the issues discussed was a psychiatric evaluation that Mr. Vose underwent in connection with his application to the Florida bar. The psychiatrist had opined that Mr. Vose exhibited certain personality traits[3] but that he "can reason logically and has the ability to analyze legal problems and problems in general." The psychiatrist further noted that "Mr. Vose would benefit from individual psychotherapy to address his anger and resentment about the events that have occurred since he became a [p]olice [o]fficer." Mr. Vose told the committee that he had not sought individual psychotherapy, and that he viewed the diagnosed personality traits as a positive

---

[2] The committee later confirmed with the courier company that the messenger had asked for Mr. Vose, was told he was out of the office, and that someone else signed on his behalf. According to the courier company, this person did not open or read the letter in the messenger's presence.

[3] The specific nature of the psychiatrist's diagnosis was not relevant to the committee's recommendation and will not be set forth herein.

attribute in the legal profession. At the outset of this final meeting, the committee again raised the issue of Mr. Vose's prior representations regarding the lawyer with whom he had allegedly had a personal conflict, and Mr. Vose's counsel asserted that he did not wish to move to recuse any members of the committee.

On June 11, 2013, the committee submitted a Recommendation of Denial of Admission to the Rhode Island Bar, supported by ten specific findings of fact:

"1. Prior to Mr. Vose's off-the-record comments at the December 9, 2011 meeting, he never raised an alleged conflict of interest or sought to recuse any members of the Committee.

"2. Mr. Vose's December 9, 2011 off-the-record comments, summarized on the record at the December 9 and December 16 meetings, constitute a threat that if the Committee did not recommend approval of the Application, he would disclose purportedly embarrassing, if not unlawful conduct by a Committee member.

"3. Mr. Vose's complaints about [the Clerk of the Court's] communications to him regarding the December 16, 2011 meeting are without merit and demonstrate a hostile and angry attitude against persons in positions of authority.

"4. The Committee finds that the testimony of Mr. Vose that the messenger alerted people on every floor of his office that the Rhode Island Supreme Court was looking for him and told the final recipient that he or she had to open it and acknowledge acceptance of the contents to be not credible.

"5. The Committee finds that the testimony of Mr. Vose that he could not recall the names or the number of attorneys he attempted to contact to represent him to be not credible.

"6. Mr. Vose displayed a lack of candor, truthfulness and a hostile attitude during the course of the meetings with the Committee.

"7. Mr. Vose's conduct at the four Committee meeting[s] mimics the conduct that supported the Florida Board's denial of his application, namely, a contemptuous attitude for the bar admissions process and lack of candor in his communications with the Board.

"8. Mr. Vose displays a retaliatory reaction against those whom he views in a negative light, including legal counsel for the Florida Board, as evidence[d] by the filing of a complaint by Mr. Vose against him that was dismissed by the Florida Board, complaints against his superiors while he was a police officer in

- 5 -

Florida, which were likewise found to be without merit, and his complaints against [the Clerk of the Court] regarding her communications with him to ensure he had notice of the meeting and an opportunity to be heard.

"9. Mr. Vose's conduct during the meetings with the Committee is consistent with the findings of the psychiatric evaluation ordered by the Florida Board.

"10. Mr. Vose's failure to follow the psychiatric evaluation suggestion that he undergo individual psychotherapy to address his anger and resentment about certain events that occurred since he became a police officer supports the Committee's concern of how Mr. Vose will react under adverse circumstances if he were allowed to practice law, including rulings from courts or positions taken by opposing counsel."

On July 9, 2013, the committee received a letter from Mr. Vose indicating that he would not be withdrawing his application and that he was no longer represented by counsel. On September 5, 2013, this Court was advised by the committee that on July 11, 2013 the then-chair of the committee had received in the mail an anonymous letter from Boston, which contained threatening language regarding the disposition of Mr. Vose's application.[4]

On November 26, 2013, Mr. Vose filed a petition in opposition to the recommendation of the committee, in which he argued that the committee had violated his due process rights and based its findings on insufficient and improper evidence. The committee filed a response to Mr. Vose's petition, asserting once again that Mr. Vose had failed to meet his burden of demonstrating his good moral character and fitness to practice law, and that the committee had provided him with notice and multiple opportunities to be heard.

---

[4] This letter was not a factor in the committee's recommendation of denial; the record does not indicate the identity of the letter's author.

# II

## Standard of Review

"We will not overturn a recommendation of this Court's Committee on Character and Fitness * * * unless it has abused its discretion or its decision is clearly wrong." In re Application of Webb, 58 A.3d 150, 154 (R.I. 2013) (quoting In re Application of Roots, 762 A.2d 1161, 1163 (R.I. 2000)). "We will do so, however, if such recommendation is not well founded." Id. (quoting In re Application of Roots, 762 A.2d at 1164).

# III

## Discussion

Article II, Rule 3(a) of the Supreme Court Rules of Admission of Attorneys and Others to Practice Law provides that "[a]ll persons who desire to be admitted to practice law shall be required to establish by clear and convincing evidence their moral character and fitness to the satisfaction of the Committee on Character and Fitness of the Supreme Court of Rhode Island in advance of such admission." Furthermore, Rule 3(f) states that the applicant "shall at all times have the burden of proving his/her good moral character before the Committee on Character and Fitness of the Supreme Court."

Here, the committee found that Mr. Vose had failed to meet his burden of proving his character and fitness to be a member of the Rhode Island bar. Particularly, the committee found that Mr. Vose's "December 9, 2011 off-the-record comments * * * constitute[d] an inappropriate and unethical threat that [was] inimical to the ethical requirements of a practicing lawyer in Rhode Island." The committee further found that "Mr. Vose displayed a lack of candor with the Committee and a repeated lack of respect for authority figures that questions his ability to meet his professional responsibility and obligations as a lawyer."

In response, Mr. Vose argues that the committee conducted the proceedings in a manner that violated his due process rights. Mr. Vose asserts that the committee did not provide him "with notice of the nature of the evidence against him prior to [its] recommendation of denial" and that he "has not been provided with a sufficient formal adversarial hearing." Next, Mr. Vose contends that the committee failed to support each of its ten factual findings with "legally sufficient evidence," and that it considered improper evidence, namely, the findings of the Florida board. According to Mr. Vose, the committee "failed to meet its burden to further inquire into the findings regarding [his] previous denial of admission to the bar in Florida."

Mr. Vose appears to fundamentally misunderstand the nature of the application process laid out in Rule 3. The rule clearly states, and the committee repeatedly reminded Mr. Vose, that at all times he bore the burden of proving his character and fitness to practice law in the State of Rhode Island. While the United States Supreme Court has held that "the requirements of procedural due process must be met before a State can exclude a person from practicing law," Willner v. Committee on Character and Fitness, 373 U.S. 96, 102 (1963), this does not change the fact that the onus was on Mr. Vose, not the committee, to present clear and convincing evidence of his good moral character. The committee provided Mr. Vose with five hearings, during which he had the opportunity to be represented by counsel, to present evidence, and to respond to the committee's questions. Throughout the meetings, the committee informed Mr. Vose of its concerns regarding his character and asked him specific questions relating to these areas of concern. After reviewing the record of these proceedings, we are convinced that the committee has done nothing to impinge on Mr. Vose's due process rights.

Likewise, we are of the opinion that the committee's findings regarding Mr. Vose's character were well-founded and did not constitute an abuse of discretion. The committee's ten

findings of fact clearly are supported by the record of these proceedings; the transcripts of the meetings and the tone of his written filings reveal that Mr. Vose has continually treated the committee with hostility and contempt. Mr. Vose's off-the-record comments made on December 9, 2011 are particularly concerning. The manner of the disclosure—waiting until the end of the second meeting and asking to speak off the record—indicates that Mr. Vose intended to threaten the committee with the release of embarrassing information rather than present a legitimate conflict-of-interest issue.

Additionally, the committee was within its discretion to consider the findings of the Florida board in determining whether Mr. Vose possessed the requisite character and fitness to be admitted to the bar in Rhode Island. Other jurisdictions have recognized the propriety of considering an applicant's denial from the bar of another state. See, e.g., Hawai'i Board of Bar Examiners Rules of Procedure Pt. 2, § 2.6(c)(10); Minnesota Rules for Admission to the Bar 5(B)(3)(l); New Mexico Rules Governing Admission to the Bar 15-103(C)(3)(k); In re Bar Admission of Vanderperren, 661 N.W.2d 27, 41 (Wis. 2003). Here, the committee properly treated the Florida board's findings as a cause for further inquiry; as the meetings progressed, the findings of the Florida board proved to be quite relevant as they mirrored the committee's own increasing concerns regarding Mr. Vose's character.[5]

Furthermore, Mr. Vose's petition in opposition to the recommendation of the committee clearly illustrates his hostile attitude and lack of candor. Mr. Vose accuses the committee of

---

[5] During the hearing before this Court, Mr. Vose represented that his application for admission to the Florida bar remained pending before the Florida Supreme Court. In its supplemental filing with this Court, the committee filed an order, issued by the Florida Supreme Court, more than one month before this hearing, denying his application for admission to the Florida bar. In his objection to the committee's motion to supplement the record, Mr. Vose asserts that, at the time of the hearing before this Court, he had "no knowledge of the [o]rder issued by the Florida Supreme Court."

"knowingly provid[ing] false information to [this Court]" and characterizes the committee's findings as "an angry and unsupported attack on [his] character." Mr. Vose also accuses the committee of falsely summarizing his December 9, 2011 off-the-record comments[6] and of fabricating the anonymous letter received by the chairwoman on July 11, 2013, as part of what he considers a "conspiracy to defame [his] character." Additionally, Mr. Vose asserts that he has "been practicing law in Providence Superior Court since 2010"; the committee, upon investigating this assertion, found that Mr. Vose appeared as a pro se litigant in a single case that was filed in 2009. These examples clearly demonstrate that the committee did not err in finding that Mr. Vose lacks the qualities of trustworthiness, honesty, and judgment that are required for the practice of law in Rhode Island.

## IV

### Conclusion

For the reasons stated above, the applicant's petition for admission to the bar of this state is hereby denied.

---

[6] In his letter in response to the committee's recommendation, Mr. Vose indicated that he had made a voice recording of his December 9, 2011 off-the-record comments. Although he appears to dispute the accuracy of the committee's summary of his comments, Mr. Vose has not attempted to produce this alleged recording and, further, has stated at oral argument before this Court that there was no recording.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**      In re Application of Carlton Vose.

**CASE NO:**      No. 2013-354-M.P.

**COURT:**      Supreme Court

**DATE OPINION FILED:**      June 20, 2014

**JUSTICES:**      Suttell, C.J., Goldberg, Flaherty**,** Robinson, and Indeglia, JJ.

**WRITTEN BY:**      Per Curiam

**SOURCE OF APPEAL:**      N/A

**JUDGE FROM LOWER COURT**:

     N/A

**ATTORNEYS ON APPEAL:**

     For Applicant: Carlton Vose, Pro Se

     For Committee on Character & Fitness: Gerald Coyne, Esq.